FILED
DES MOINES, IOWA

01 MAY 21 PM 3:33

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IOWA, SOUTHERN DIVISION
CENTRAL DISTRICT

SOUTHERN DISTRICT OF IA

| | |
|---|---|
| WENGER MANUFACTURING, INC.<br>a Kansas Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>COATING MACHINERY SYSTEMS,<br>INC., an Iowa corporation, and<br>VECTOR CORPORATION,<br><br>Defendants. | Civil Action No. 4-98-CV90083 |

**BRIEF IN SUPPORT OF MOTION TO STAY PROCEEDING
PENDING REEXAMINATION**

COATING MACHINERY SYSTEMS, INC.

Kirk M. Hartung
Jeffrey D. Harty
ZARLEY, McKEE, THOMTE, VOORHEES
& SEASE
801 Grand Avenue - Suite 3200
Des Moines, Iowa 50309-2721
515-288-3667 phone
515-288-1338 fax

ATTORNEYS FOR DEFENDANT

## I.   **INTRODUCTION**

On May 18, 2001, Defendant's, Coating Machinery Systems, Inc. ("CMS") and Vector Corporation ("Vector") filed a request with the U. S. Patent and Trademark Office to have Wenger Manufacturing, Inc. ("Wenger") U. S. Patent 5,100,683 ("'683 patent") re-examined based upon several new questions of patentability. (A copy of the transmittal sheet, cover page, and table of contents are attached as Exh. 1.) CMS took this action in an effort to simplify this case and take advantage of the PTO's expertise in considering validity issues, especially in light of the Federal Circuit's interpretation of certain claim elements.

CMS has discovered invalidating prior art not considered by the PTO in its decision to grant Wenger's '683 patent. CMS believes that most, if not all, of the claims will not survive in their present form when this prior art is considered, particularly in view of the claim interpretation given by the Federal Circuit.

CMS requests this case be stayed pending completion of the '683 patent reexamination proceedings. To do so will provide the Court with the PTO's expertise on the patents now before it and facilitate efficient and cost effective litigation of any remaining issues upon completion of the reexamination proceedings.

Over the past 20 years, the Patent office has granted 90% of reexamination requests. (See Exh. 2, ¶ 5, 12/31/2000 Reexamination Filing Data from the Patent and Trademark Office.) Of these reexaminations, 74% conclude with all the patent claims cancelled or some claims changed, and only 26% conclude with all the claims confirmed. (Exh. 2, ¶ 9.)

## II.     BASIS FOR STAY

### A.     The Reexamination Procedure

Patent Reexamination is a procedure by which any person can request that the PTO reexamine the patentability of an unexpired patent on the basis of prior art consisting of patents or printed publications. 35 U.S.C. §§ 301, 302. Within three months of filing a Request for Reexamination the Director will determine whether there exists a substantial new question of patentability. Id. at § 303. If the Director determines that the cited prior art raises a substantial new question of patentability, an order for reexamination will be made. Id. at § 304.

Once reexamination has been ordered, it will be conducted with "special dispatch" by a Patent Office examiner who is familiar with the technology. 35 U.S.C. § 305; Ingro v. Tyco Indus. Inc., 227 U.S.P.Q. 69, 70 (N.D. Ill. 1985). When the reexamination is completed, the Commissioner will issue an order that either affirms the validity of the patent, cancels the patent, or modifies the claims. 35 U.S.C. § 307.

When a patent is concurrently involved in litigation, a function of the reexamination procedure is to eliminate issues at trial or to facilitate trial of issues by providing the Court with the expert view of the PTO. Gould v. Control Laser Corp., 705 F.2d 1340, 1341 (Fed. Cir. 1983). Bausch & Lomb, Inc. v. Alcon Lab., Inc., 914 F. Supp. 951, 953 (W.D.N.Y. 1996). This function frees the Court from determining the significance of prior art without the benefit of the PTO's initial consideration. See In re Etter, 756 F.2d 852, 857 (Fed. Cir. 1985). Such is the case in the present action.

**B.     The District Court Has Authority To Grant A Stay**

The Order to stay a district court proceeding pending reexamination is within the discretion of this Court. Brown v. Shimano American Corp., 18 U.S.P.Q.2d 1496 (C.D. Cal. 1991) (copy attached hereto); Ingro, 227 U.S.P.Q.2d at 70. Early versions of what became the reexamination statute, 35 U.S.C. § § 301-307, expressly provided for the district court to stay proceedings during reexamination. Gould, 705 F.2d at 1342. In the final version, however, an express provision was deemed unnecessary because, as explained by the House Report:

> The bill does not provide for a stay of court proceedings. It is believed by the committee that stay provisions are unnecessary in that such power already resides with the Court to prevent costly pretrial maneuvering which attempts to circumvent the reexamination procedure. It is anticipated that these measures provide a useful and necessary alternative for challengers and for patent owners to test the validity of United States patents in an efficient and relatively inexpensive manner.

Id. (citation omitted).

Providing the district court with discretion in granting a stay pending a reexamination resides in the benefits that reexamination provides the court. In Emhart Indus. v. Sankyo Seiki Mfg. Co. Ltd., 3 U.S.P.Q.2d 1889 (N.D. Ill. 1987) (copy attached hereto), the Court recited a number of advantages provided by shifting the validity issue to the PTO, including the fact that:

(1.)   Prior art presented to the Court will have been first considered by the PTO, with its particular expertise;

(2.)   Discovery problems relating to prior art can be simplified and lessened by PTO examination;

(3.)   In situations resulting in effective invalidity or substantial narrowing of the patent, the suit will likely be dismissed or settled;

(4.)   The reexamination result may force a settlement without the further use of the Court;

(5.)   The record of reexamination would be available at trial, which will reduce the complexity and length of trial;

    (6.)    Issues, defenses, and evidence in pre-trial conferences after reexamination will be easier to pare down; and

    (7.)    Both the parties and the Court will have a less expensive proceeding.

In this district, a stay of patent litigation requested by Defendant based on a reissue (not reexamination) proceeding in the PTO to consider new art was granted in view of similar advantages. Fisher Controls Co. v. Control Components, Inc., 443 F. Supp. 581 (S.D. Iowa 1977). In this case, CMS has raised several issues of patent validity based, in part, on references not before the Examiner during prosecution of the '683 patent. Therefore, the above-recited advantages described in Emhart Indus. will assist the Court in the present case. Id.

**C.**    **Grant Of Stay Pending Reexamination Is Appropriate**

The present case is precisely the type of case where judicial discretion demands an order to stay the district court action pending reexamination of the '683 patent. This is particularly true where the Federal Circuit has crafted a claim interpretation that is likely to invalidate the patent. Moreover, an Order to stay the district court action pending reexamination will obviate the need for the trial court to consider references not before the Examiner of the '683 patent without the benefit of the PTO's initial consideration. See In re Etter, 756 F.2d at 857. If upon reexamination, the '683 patent or any particular claim of that patent is determined to be invalid, costs to the parties and the Court will likely be spared. Emhart Indus., 3 U.S.P.Q.2d at 1890.

To not stay the case would result in harm to CMS. It makes sense to determine the scope of the '683 claims in view of the Federal Circuit's claim construction and the new prior art submitted to the Patent Office, before proceeding with this litigation. That way, a more focused scope of discovery will be known, thus avoiding a waste of resources by the parties and court. See Bausch & Lomb at 953. Also, awaiting the PTO review of the new patents cited by CMS

4

would avoid the possible irreparable harm to CMS that would be caused by conflicting views of the new prior art by the PTO and the Court. Bausch & Lomb at 952. Moreover, given the Federal Circuit's interpretation of the claims, there is objectively a greater likelihood that the claims will be invalid. In summary, there is no legitimate reason to not obtain the PTO's view of the effect of new prior art on the '683 patent before proceeding further.

Finally, it is noted that at the present time a Request for Reexamination has been filed, but not yet granted. Nonetheless, a stay order is appropriate. See Brown, 18 U.S.P.Q.2d 1496; Grayling Indus. Inc. v. GPAC Inc., 19 U.S.P.Q.2d 1872 (N.D. Ga. 1991); Robert H. Harris co. Inc. v. Metal Mfg. Co. Inc., 19 U.S.P.Q.2d 1786 (E.D. Ark. 1991); See also ASCII Corp. v. STD Entertainment USA, Inc., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994) (stay granted to allow plaintiff an opportunity to file an application for reexamination). The advantages of a stay in the district court action, pending PTO grant of reexamination, are no less than the advantages of a stay after the reexamination has been granted. The end result of a reexamination proceeding will be to simplify the issues and reduce the complexity of trial. Emhart Indus., 3 U.S.P.Q.2d at 1892. The stay should be granted immediately to conserve the resources of the parties and the court.

### III.  **CONCLUSION**

For the foregoing reasons, CMS respectfully requests that the Court enter an Order staying this action pending reexamination of the '683 patent.

5

Respectfully submitted,

COATING MACHINERY SYSTEMS, INC.

By  *Kirk M. Hartung*
Kirk M. Hartung
Jeffrey D. Harty
ZARLEY, McKEE, THOMTE, VOORHEES
& SEASE
801 Grand Avenue - Suite 3200
Des Moines, Iowa 50309-2721
515-288-3667  phone
515-288-1338  fax

ATTORNEYS FOR DEFENDANT

## PROOF OF SERVICE

I hereby declare that a copy of the foregoing pleading was sent by first-class U.S. Mail on to the following on this 21 day of May, 2001 to:

G. Brian Pingel
PINGEL & TEMPLER
437 Colony Park Building
3737 Woodland Avenue
West Des Moines, Iowa 50266

John M. Collins
Warren N. Williams
HOVEY, WILLIAMS, TIMMONS & COLLINS
2405 Grand Blvd., Suite 400
Kansas City, Missouri 64108

*Kirk M. Hartung*

6

PTO/SB/57 (02-01)
Approved for use through 01/31/2004. OMB 0651-0033
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

(Also referred to as FORM PTO - 1465)

# REQUEST FOR *EX PARTE* REEXAMINATION TRANSMITTAL FORM

**Address to:**
Assistant Commissioner for Patents
Box Reexam
Washington, D.C. 20231

**Attorney Docket No.**
**Date:** May 18, 2001

1. ☑ This is a request for *ex parte* reexamination pursuant to 37 CFR 1.510 of patent number 5,100,683 issued _____Singer, et al._____. The request is made by:

   ☐ patent owner.    ☑ third party requester.

2. ☑ The name and address of the person requesting reexamination is:
   Coating Machinery Systems, Inc. and Vector Corporation
   675 44th Street
   Marion, Iowa 52302-3800

3. ☑ a. A check in the amount of $ 2,520 is enclosed to cover the reexamination fee, 37 CFR 1.20(c)(i);

   ☐ b. The Commissioner is hereby authorized to charge the fee as set forth in 37 CFR 1.20(c)(i) to Deposit Account No. _____26-0084_____; or

   ☐ c. Payment by credit card. Form PTO-2038 is attached.

4. ☑ Any refund should be made by ☐ check or ☑ credit to Deposit Account No. ___26-0084___.
   37 CFR 1.26(c). If payment is made by credit card, refund must be to credit card account.

5. ☑ A copy of the patent to be reexamined having a double column format on one side of a separate paper is enclosed. 37 CFR 1.510(b)(4)

6. ☐ CD-ROM or CD-R in duplicate, Computer Program (Appendix) or large table

7. ☐ Nucleotide and/or Amino Acid Sequence Submission
   *If applicable, all of the following are necessary*
   a. ☐ Computer Readable Form (CRF)
   b. Specification Sequence Listing on:
      i ☐ CD-ROM (2 copies) or CD-R (2 copies); **or**
      ii ☐ paper
   c. ☐ Statements verifying identity of above copies

8. ☐ A copy of any disclaimer, certificate of correction or reexamination certificate issued in the patent is included.

9. ☑ Reexamination of claim(s) _____1-8_____ is requested.

10. ☐ A copy of every patent or printed publication relied upon is submitted herewith including a listing thereof on Form PTO-1449.

11. ☑ An English language translation of all necessary and pertinent non-English language patents and/or printed publications is included.

[Page 1 of 2]

Burden Hour Statement: This form is estimated to take 2.0 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Box Reexam, Washington, DC 20231.

PTO/SB/57 (02-01)
Approved for use through 01/31/2004. OMB 0651-0033
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

12. [✓] The attached detailed request includes at least the following items:
   a. A statement identifying each substantial new question of patentability based on prior patents and printed publications. 37 CFR 1.510(b)(1)
   b. An identification of every claim for which reexamination is requested, and a detailed explanation of the pertinency and manner of applying the cited art to every claim for which reexamination is requested. 37 CFR 1.510(b)(2)

13. [ ] A proposed amendment is included (only where the patent owner is the requester). 37 CFR 1.510(e)

14. [✓] a. It is certified that a copy of this request (if filed by other than the patent owner) has been served in its entirety on the patent owner as provided in 37 CFR 1.33(c).
The name and address of the party served and the date of service are:
   John M. Collins, HOVEY, WILLIAMS, TIMMONS & COLLINS
   2405 Grand Blvd., Suite 400
   Kansas City, Missouri 64108

   Date of Service: May 18, 2001 ; or

   [ ] b. A duplicate copy is enclosed since service on patent owner was not possible.

15. [✓] Correspondence Address: Direct all communication about the reexamination to:

   [✓] Customer Number: 22885

   OR

   | Firm or Individual Name | |
   |---|---|
   | Address (line 1) | |
   | Address (line 2) | |
   | City | State | Zip |
   | Country | |
   | Telephone | Fax |

16. [✓] The patent is currently the subject of the following concurrent proceeding(s):
   [ ] a. Copending reissue Application No._____
   [ ] b. Copending reexamination Control No._____
   [ ] c. Copending Interference No._____
   [✓] d. Copending litigation styled:
       Wenger Manufacturing, Inc. v. Coating Machinery Systems, inc., and Vector Corporal
       Civil Action No. 4-98-CF90083 - U.S. Dist. Court, Southern Div., Central Dist., Iowa

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

_[signature]_
Authorized Signature

5-18-01
Date

[ ] For Patent Owner Requester
[✓] For Third Party Requester

Patent

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| IN RE U. S. PATENT NO.    **5,100,683** | |
| DATE OF ISSUE:    **March 31, 1992** | |
| NAME OF PATENTEE:    **Singer, et al.** | Control No. _____ |
| TITLE OF INVENTION:<br>**METHOD AND APPARATUS FOR COMBINED PRODUCT COATING AND DRYING** | |
| GROUP ART UNIT: | |

**Box REEXAM**
**Commissioner of Patents and Trademarks**
**Washington, D.C. 29231**

### REEXAMINATION REQUEST

Dear Sir:

Reexamination under 35 U.S.C. § § 302-307 and 37 C.F.R. § 1.510 is requested of claims 1-8 of U. S. Patent 5,100,683 (Exh. 1) which issued on March 31, 1992 to Wenger Manufacturing, as Assignee from the inventors Singer and Schmelzie based on an application filed on February 21, 1991. This patent is still enforceable. A check in the amount of $2,520 is submitted to cover the reexamination request fee. If additional fees are due, please charge Deposit Account 26-0084.

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................1

II. THE '683 FILE HISTORY ..........................................................................................2

III. STATEMENTS OF NEW QUESTIONS OF PATENTABILITY
FOR CLAIMS 1-8 OF THE WENGER '683 PATENT ...............................................3

IV. COLOR CODED CLAIM 1 AND PRIOR ART FIGURES ........................................3

V. EXPLANATION OF THE PERTINENCE AND MANNER OF
APPLYING THE CITED PRIOR ART TO THE '683 CLAIMS...............................16

    A. Claim 1 Is Anticipated By Lanz............................................................................16

    B. Claim 1 Is Obvious Over Schady In View Of Lanz,
       French or Benson ..................................................................................................18

    C. Claim 1 Is Obvious Over French '466 In View Of Either
       Lanz Or Benson ....................................................................................................19

    D. Claim 1 Is Obvious Over Benson In View Of Either Schady Or
       French '466...........................................................................................................21

    E. Claim 2 Is Obvious ...............................................................................................22

    F. Claim 3 Is Obvious ...............................................................................................23

    G. Claim 4 Is Obvious ...............................................................................................24

    H. Claim 5 Is Obvious ...............................................................................................24

    I. Claim 6 Is Obvious ...............................................................................................24

    J. Claim 7 Is Obvious ...............................................................................................24

    K. Claim 8 Is Obvious ...............................................................................................24

VI. CHARTS COORDINATING CLAIM ELEMENTS AND PRIOR ART .................25

VII. CONCLUSION..........................................................................................................31



UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PAT[E]
UNITED STATES PATENT AND TRADEMARK OF[F]
WASHINGTON, D.C. 20[
www.uspt[o

## Ex Parte Reexamination Filing Data - December 31, 2000

1. Total requests filed since start of reexam on 07/01/81 .......................... 5899

   a. By patent owner                                        2529    43%
   b. By other member of public                              3242    55%
   c. By order of Commissioner                                128     2%

2. Number of filings by discipline

   a. Chemical Operation                                     1878    32%
   b. Electrical Operation                                   1945    33%
   c. Mechanical Operation                                   2076    35%

3. Annual Reexam Filings

   | Fiscal Yr. | No. | Fiscal Yr. | No. | Fiscal Yr. | No. |
   |---|---|---|---|---|---|
   | 1981 | 78 (3 mos.) | 1989 | 243 | 1997 | 376 |
   | 1982 | 187 | 1990 | 297 | 1998 | 350 |
   | 1983 | 186 | 1991 | 307 | 1999 | 385 |
   | 1984 | 189 | 1992 | 392 | 2000 | 318 |
   | 1985 | 230 | 1993 | 359 | 2001 | 73 YTD |
   | 1986 | 232 | 1994 | 379 | | |
   | 1987 | 240 | 1995 | 392 | | |
   | 1988 | 268 | 1996 | 418 | | |

4. Number known to be in litigation ................................. 1166    20%

5. Determinations on requests ....................................... 5727

   a. No. granted ....................................... 5147 ........ 90%

      (1) By examiner                                            5045
      (2) By Director (on petition)                               102

   b. No. denied ....................................... 580 ........ 10%

      (1) By examiner                                             551
      (2) Order vacated                                            29

1

6.  Total examiner denials (includes denials reversed by Director) .................... 653

    a. Patent owner requester            376     58%
    b. Third party requester             277     42%

7.  Overall reexamination pendency (Filing date to certificate issue date)

    a. Average pendency                          20.1 (mos.)
    b. Median pendency                           15.6 (mos.)

8.  Reexam certificate claim analysis:

| | Owner Requester | 3rd Party Requester | Comm'r Initiated | Overall |
|---|---|---|---|---|
| a. All claims confirmed | 22% | 29% | 15% | 26% |
| b. All claims cancelled | 8% | 12% | 15% | 10% |
| c. Claims changes | 70% | 59% | 70% | 64% |

9.  Total reexamination certificates issued (1981 - present) ...................... 4170

    a. Certificates with all claims confirmed      1080    26%
    b. Certificates with all claims canceled        416    10%
    c. Certificates with claims changes            2674    64%

10. Reexam claim analysis - requester is patent owner or 3rd party; or Comm'r initiated.

    a. Certificates - PATENT OWNER REQUESTER .......................... 1816

        (1) All claims confirmed         398    22%
        (2) All claims canceled          137     8%
        (3) Claim changes               1281    70%

    b. Certificates - 3rd PARTY REQUESTER ............................ 2251

        (1) All claims confirmed         666    29%
        (2) All claims canceled          264    12%
        (3) Claim changes               1321    59%

    c. Certificates - COMM'R INITIATED REEXAM ........................ 103

        (1) All claims confirmed          16    15%
        (2) All claims canceled           15    15%
        (3) Claim changes                 72    70%

C:\JERRY\REXSTATS\REXSTATk.wpd