## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

FILED 7/16/2001 1:46:20 PM, USDC, Southern District of Iowa

| | | |
|---|---|---|
| WENGER MANUFACTURING, INC., a Kansas Corporation, | * * * * | 4-98-CV-90083 |
| Plaintiff, | * * | |
| v. | * * | |
| COATING MACHINERY SYSTEMS, INC., an Iowa corporation, and VECTOR CORPORATION, | * * * * | MEMORANDUM OPINION AND ORDER |
| Defendants. | * * | |

The Court has before it Defendants' Motion to Stay Proceeding Pending Reexamination. The reason for Defendants' motion is that they have filed a request with the U.S. Patent and Trademark Office ("PTO") to have the patent-in-suit reexamined. Plaintiff opposes Defendants' motion. For the following reasons, the Court will not stay this proceeding.

## I. BACKGROUND

Wenger Manufacturing, Inc. ("Wenger") is the assignee of the patent-in-suit,  U.S. Patent 5,100,683 ("the '683 patent"). The '683 patent relates to an apparatus for coating and drying food products such as breakfast cereals with sugar, salt, or other flavored coatings. It has eight claims, claims 1 and 2 of which are in dispute here.[1] In this action, Wenger alleges deliberate

---

[1]Claims 1 and 2 read:
We claim:
1. An apparatus for coating and drying a food product comprising:
a dryer housing;
an elongated reel presenting a longitudinal axis and having an inlet, an outlet, and a sidewall defining an interior and presenting a plurality of perforations, said side wall being located substantially within said housing whereby said perforations are surrounded by said housing;
means for introducing the product into the interior of said reel through said inlet;

and willful infringement of claims 1 and 2 by Defendants, Coating Machinery Systems, Inc. and Vector Corp. (collectively "CMS").

Wenger filed its Complaint in this action on February 12, 1998. On August 12 and September 16, respectively, CMS filed a Motion for Summary Judgment of Noninfringement and Wenger filed a Cross-Motion for Partial Summary Judgment of Literal Infringement. This Court granted Wenger's motion on March 31, 1999. CMS then filed a Motion for Reconsideration on April 9. After further review, the Court granted CMS's motion and entered summary judgment in favor of CMS on September 30. The Court entered Final Judgment on November 16, upon which Wenger appealed the Court's decision to the Federal Circuit. The Federal Circuit reversed this Court in part and affirmed it in part, finding literal infringement of claims 1 and 2. The Federal Circuit issued its decision on February 6, 2001, denied rehearing on March 2, and issued a mandate to this Court to proceed accordingly on March 16. CMS then filed a reexamination request with the PTO on May 18 and filed a Motion to Stay Proceeding Pending Reexamination with this Court on May 21.

## II. DISCUSSION

---

means for rotating said reel within said housing;
means for selectively inclining said reel with said inlet elevated relative to said outlet;
air circulating means associated with said dryer housing for circulating air through said reel, the air circulating means including means for drawing air from the interior fo the reel into said housing in order to provide positive air flow through the apparatus; and
means defining a plurality of separate product coating zones longitudinally spaced along said reel, each of said zones including at least one spray nozzle directed toward said sidewall for pressurized spraying of a coating on the food product during passage of said food product from said inlet to said outlet.
2. An apparatus for coating and drying a food product as set forth in claim 1 including structure associated with said housing defining a plenum therein for receiving said air passing through said perforations from the interior of said reel.

'683 patent, col. 7, ll. 21-45; '683 patent, col. 8, ll. 1-7.

Whether to stay a case pending a reexamination proceeding before the PTO is a matter within the sound discretion of the district court. *Xerox Corp. v. 3Com Corp.*, 69 F.Supp.2d 404, 406 (W.D.N.Y. 1999); *Remington Arms Co. v. Modern Muzzleloading, Inc.*, No. 2:97CV00660, 1998 WL 1037920, at *1 (M.D.N.C. Dec. 17, 1998). The relevant factors in deciding whether to grant a stay are as follows: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay would simplify the issues; and (3) whether discovery is complete and whether a trial date has been set. *Xerox Corp.*, 69 F.Supp.2d at 406, *Remington Arms Co.*, 1998 WL 1037920 at *1; *Target v. SciMed Life Systems Inc.*, 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal. 1995).

The Court finds that the relevant factors weigh against granting a stay. This case is at a very advanced stage: fact discovery is almost closed, CMS has already been adjudged to have infringed the '683 patent, and Wenger claims that this case could be ready for a short trial (two to three days) in ninety days. Moreover, CMS did not file its reexamination request until nineteen and a half months after this Court entered summary judgment in its favor and three years and three months after Wenger commenced this action. Wenger would also be prejudiced by not being able to submit sales figures to the PTO because they are covered by a protective order in this proceeding.[2]

CMS responds that it has good reasons for its delay. First, it claims that the Federal Circuit's decision created a scope for the '683 claims that is broad enough to encompass prior art. Second, it claims that it did not become aware of one of the five patents it relies on in its

---

[2]But any claim of prejudice by Wenger as to its inability to recompense an additional period of exclusivity or mounting damages is mitigated by the fact that CMS no longer manufactures the infringing machine.

reexamination request until after the Federal Circuit's decision.

Wenger, however, explains that these are not very good reasons.  It points out that CMS knew about four out of the five patents on which it relies in its reexamination request at the outset of this litigation.  It points out that the PTO actually cited two out of those four patents that CMS knew about.  It also points out that the fifth patent, the one which CMS claims not to have known about, has been readily available since 1963.  Finally, Wenger points out that of the two patents which CMS chiefly relies on in its reexamination request, one was cited by the PTO and the other CMS knew about from the outset of this litigation.

It is also significant to note the actual extent to which the Federal Circuit changed things. The Federal Circuit held that this Court did not err in interpreting "air circulation means" limitation as a means-plus-limitation, but that it did err in interpreting it as structure capable of recirculating air.  *Wenger Mfg., Inc. v. Coating Mach. Sys., Inc.*, 239 F.3d 1225, 1232, 1233 (Fed. Cir. 2001).  It held that this Court did not err in concluding that "means defining a plurality of separate product coating zones" was not a means-plus-limitation and "that the 'product coating zones' may be satisfied by fully perforate reels as well as reels with alternating perforate and imperforate sections."  *Id.* at 1236-37.  The Federal Circuit then concluded that the accused machines did infringe because "air circulating means" "does not require structure capable of recirculating air" and because this Court was correct with respect to "product coating zones."  *Id.* at 1237-38.  The only thing that really changed was that "air circulating means" was held not to include structure capable of recirculating air.  CMS has not explained how this holding, combined with the prior art it cites, justifies its delay in filing for reexamination.

Stays are ordinarily granted in the early stages of litigation where the parties have not yet

done extensive discovery.  *See Remington Arms Co., Inc.*, 1998 WL 1037920 at *2; *Target Therapeutics Inc.*, 33 U.S.P.Q. at 2023.  In *Xerox Corp.*, 69 F.Supp2d at 407, the court denied a stay where the moving party knew about the prior art eight months before filing a reexamination request.  In *Freeman v. Minnesota Mining and Manufacturing Co.*, 661 F.Supp. 886, 888 (D. Del. 1987), the court denied a stay where discovery had been completed for seven months, the first of the two suits was filed two and a half years ago, and the moving party knew about the prior art for almost two years after the first of the two suits before filing its request.  Finally, in *Remington Arms Co., Inc.*, 1998 WL 1037920 at *3, the Court denied a stay stating that the most compelling reason for doing so was the moving party's unjustified delay in waiting a year or more after it knew about the prior art before filing its request.

This Court will not grant a stay based on the record currently before it.  The case is too close to trial and CMS has failed to adequately explain why it took so long to file a reexamination request.

## III. CONCLUSION

Defendants' Motion to Stay Proceeding Pending Reexamination (Clerk's No. 144) is denied.

**IT IS SO ORDERED**.

Dated this ___16th___ day of July, 2001.

_____
ROBERT W. PRATT
U.S. DISTRICT JUDGE